IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANKUS, L.L.C. A TEXAS LIMITED LIABILITY COMPANY | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-CV-00355 |
| PHH MORTGAGE CORP. AND USAA FED. SAVINGS BANK | § § § | |

## MOTION TO REMAND

Ankus, L.L.C. ("Ankus") files this Motion to Remand.

### INTRODUCTION

1.     This case should be remanded to State District Court because Defendant improperly removed the case from State Court. This Court lacks jurisdiction.

2.     The removal by Defendant PHH Mortgage Corp., is based on diversity of citizenship.

3.     Defendant fails to establish complete diversity of citizenship.

4.     Because there is no complete diversity there is no Federal jurisdiction.

### NATURE OF RESPONSE

5.     This case involves the interpretation of Texas Law.  It does not involve any issue of Federal law.

6.     The sole reason for Defendant's removal to this court is to take advantage of a line of Fifth Circuit Court of Appeal decisions in which the Fifth Circuit has made an "Erie Guess" as to Texas Law.

1

7.      At the present time the Texas Supreme Court has not issued a definitive ruling on the issues which are involved in this case.

8.      The two Houston Court of Appeals have issued conflicting decisions on the issues and one of the Houston Courts of Appeals has issued an opinion which is at odds with the "Erie Guess" of the Fifth Circuit.

9.      Defendant is attempting to avoid the possible application of the Houston Court of Appeals decisions by its removal to this Court.

10.     In making its argument that there is diversity jurisdiction, Defendant admits or at least does not dispute that the other Defendant USAA Federal Savings Bank is a Texas resident for diversity purposes but argues that USAA should not be a party and was improperly joined as a party.

11.     Defendant claims that USAA should not be a party and has no interest in this lawsuit.

12.     USAA, however, according to the Harris County Real Property Records is the owner and holder of the Note and Deed of Trust which are at the heart of this case and not only is USAA been properly joined as a party, USAA is a "necessary" party.

## PARTIES

13.     Plaintiff is Ankus, L.L.C., a Texas Limited Liability Company ("Ankus").

14.     Defendants are:

    a)      PHH Mortgage Corp. ("PHH"); and
    b)      USAA Federal Savings Bank ("USAA") who for diversity purposes is a Texas resident.

2

## PROCEDURAL BACKGROUND

15.     This case was originally filed in the 125th District Court of Harris County, Texas on December 29, under Cause No. 2021-83782.

16.     On December 30, 2021, the Honorable Scott Dollinger signed a Temporary Restraining Order which enjoined PHH from foreclosing a lien on the Property owned by Ankus.

17.     A hearing on Plaintiff's Application for Temporary Injunction was set in the 125th District Court, Harris County, Texas.

18.     On January 13, 2022, Ankus filed its First Amended Petition which added USAA as an additional Defendant.  USAA was served with citation on January 19, 2022.

19.     On January 24, 2022, PHH made its appearance in the State Court lawsuit by filing an Answer in the State District Court.

20.     After PHH made its appearance in the State Court lawsuit on February 2, 2022, PHH filed its Notice of Removal.

21.     As discussed below, the case should be remanded because there is another Defendant who is a Texas resident and therefore there is no diversity jurisdiction.

## FACTS

22.     Ankus is the owner of a residence located in Harris County, Texas, (the "Property") which is known as:

> 9510 Gentry Shadows Land, Houston, Texas 77396, and is legally described as  Lot Fifteen (15), inclusive in Block One (1), of Canyon Gate At Parklake, Sec. 12, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 6122169, of the Map Records of Harris County, Texas.

> See Exhibit 1.

3

23.     On August 10, 2009, Demetrius Harris, the prior owner of the Property, executed and delivered a Deed of Trust (the "Deed of Trust") to secure USAA Federal Savings Bank, which purported to create a lien on the Property. The USAA Deed of Trust was filed of record under Clerk's File Number 20090364928 in the Real Property Records of Harris County, Texas. See Exhibit 2. According to the Harris County Deed Records the USAA Deed of Trust was never assigned by USAA and USAA is still the owner and holder of the Note and Deed of Trust.

24.     The USAA Deed of Trust secured a promissory note (the "Harris Note"), dated August 10, 2009, in the original principal sum of $282,955.00.

25.     Harris, the previous owner, defaulted under the Note and Deed of Trust.

26.     The indebtedness under the USAA Note was accelerated as early as November 2015, (and possibly earlier) and posted for a Trustees sale scheduled for December 1, 2015. See Exhibit 3.

27.     Ankus believes that the Property was posted for a foreclosure sale on other subsequent occasions.

28.     On May 1, 2018, Ankus acquired its ownership interest pursuant to the foreclosure of a lien which was created by the homeowners association for the subdivision in which the property is located. See Exhibit 1. Ankus has been the sole owner of the Property since May 1, 2018.

29.     Under Texas Law, a Deed of Trust must be enforced within (4) years from the date of maturity of the note of the Deed of Trust is void and is unenforceable. Texas Civil Practice and Remedies Code 16.035. If a note is accelerated, the Deed of Trust must be foreclosed within four (4) years from the date of acceleration or it is void. Tex. Civ. Practice and Remedies Code §16.035.

4

30.    Because the indebtedness was accelerated on more than four (4) years ago under Texas law the Deed of Trust is void and unenforceable.

## LEGAL ARGUMENT

### Legal Standards for Removal to Federal Court

31.    The right to removal arises from statute and the exercise of that right requires strict adherence to the statute.  Courts strictly construe removal statutes in favor of remand and against removal. *Bosky v. Kroger, Tex., L.P.*, 288 F. 3d 208, 211 (5th Cir. 2002).

32.    Federal Courts are not freely available, but instead are courts of limited jurisdiction. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 548 (5th Cir. 1981).  The jurisdiction of the federal courts is limited, with its scope defined by the Constitution and by statute.  When, as in this case, "an out-of-state defendant removes an action from state to federal court, the burden is upon the removing party to plead a basis for federal jurisdiction."  *Id.*, at 549.  Significantly, "[a]ny doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Dodson v. Spiliada Maritime Corporation,* 951 F.2d 40 (5th Cir. 1992); *Bosky v. Kroger Tex., L.P.,* supra, at 211.  Defendants have the burden of supporting their jurisdictional allegations by a "preponderance of the evidence." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Pullman Company v. Jenkins*, 305 U.S. 534, 537, 83 L.Ed. 334, 59 S.Ct.347(1939). Defendant has the burden to show existence of federal jurisdiction. Id.

33.    Federal law allows a defendant to remove an action from state court only if the federal court to which it is removed would have had original jurisdiction over the lawsuit filed by plaintiffs at the time the case was removed. 28 U.S.C. §1441(a) *Smallwood v. ILL Cent. RR. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)

34.     28 U.S.C. §1441 (b) specifies that suits not arising under federal law are removable only if none of the parties in interest property joined as a defendant is a citizen of the state in which the action is brought. *Smallwood v. ILL RR Cent. Co.*, 385 F.3d 568, 572 (5th Cir.) 2004); *Hicks v. Martinrea 1 2F.4th 511 (5th Cir. 2021).* "The federal removal statute, 28 U.S.C. §1441(a), authorizes removal of 'any civil action brought in a state court of which the district courts of the United States have original jurisdiction' but subsection (b) specifies that suits not arising under federal law are removable 'only if none of the parties in interest *properly* joined and served as defendants is a citizen of the state in which such action is brought." *Id.,* at 514-515.   The burden of establishing federal jurisdiction is on the parties seeking removal. *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253-4 (5th Cir. 1961).   The removal statute should be construed narrowly with all doubt construed ***against*** removal.   *Shamrock Oil & Gas Corp. v. Sheets*, 313 F.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 362 (5th Cir. 1996); and *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362 (5th Cir. 1995); *Smook v. Deutsche Bank, AG*, 410 F. Supp. 519 (S.D. Tex., Jan. 17, 2006).   *Quebe v. Ford Motor Co.*, 908 F. Supp. 446, 449 (W.D. Tex. 1995) (removal statute is to be narrowly construed "so as not to frustrate the congressional purpose behind it; to keep the diversity caseload of the federal courts under some modicum of control").   All disputed questions of fact and ambiguities in controlling state laws also should be resolved in favor of the party opposing removal. *Carriere v. Sears Roevuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), cert, denied, 498 U.S. 817 (1990).  If Defendants fail to prove that this Court has proper jurisdiction, the action must be remanded to state court and no further action taken. 28 U.S.C. §1447.

35.     Under *Smallwood* the test of whether a plaintiff is unable to establish a cause of action against a non-diverse party is whether there is "no possibility of recovery by the plaintiff

against an in-state defendant" or whether there is "no reasonable basis (predicting recovery) against an instate defendant." *Smallwood*, 385 F.3d at 573; *Hicks v. Martinrea, supra* at 515.

36.     To resolve the inquiry, the District Court may conduct a Rule 12(6) type analysis looking at the complaint to determine whether the complaint states a claim under state law against the in-state Defendant. *Smallwood*, 385 F.3d 573; *Hicks v. Martinea, Supra.*

37.     A complaint which states facts to state a claim for relief under state law will pass muster and must be remanded to State Court. *Id.*

38.     In the present case, Ankus has stated a cause of action against USAA, an in-state defendant and the case must be remanded to State Court. *Id.*

39.     The court may also conduct a summary inquiry. *Id.*, *Smallwood*, 385 F.3d at 573.

### There is a lack of complete diversity because of the other Defendant

40.     In the present case there is a lack of complete diversity because there is another Defendant who is a Texas resident. It is evident and apparently undisputed that Defendant USAA is a Texas resident.

41.     Attached as Exhibit 4 is a Certificate from the Texas Secretary of State which identifies USAA as a "Texas State Financial Institution" with an address of 10750 W. IH 10, San Antonio, Texas, 78288, USA

42.     PHH apparently wants the Court to disregard USAA, the other defendant in its consideration of Federal jurisdiction.

43.     Under the fraudulent joinder doctrine, federal jurisdiction based on diversity cannot be defeated by the presence of an improperly joined non diverse and/or in-state defendant. *Salazar v. Allstate Texas Lloyds, Inc.*, 455 F 3d 571 (5th Cir. 2006).

7

44.    The test for fraudulent joinder is whether the defendant has demonstrated that the in-state defendant was improperly joined as a party or that there is "no possibility of recovery by the Plaintiff against an in-state defendant". Id., at 574; *Hicks v. Martinrea, supra, at 575.*

45.    In a removal case, in order to establish fraudulent joinder, the removing party must either prove that there has been actual fraud in the pleading or there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill Cent R.R. Co.,* 385 F. 3d 568, 573 (5th Cir. 2004) (en banc), cert. denied 544 U.S. 992 (2005); S*mallwood, supra; Hicks v. Martinrea, supra.*

46.    The burden of establishing the fraudulent joinder of an instate defendant is on the party who removed the case to federal court. *Id.*

47.    "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood, supra,* at 781.

48.    The Court must strictly construe the removal statutes in favor of remand and against removal. Id.

49.    In the present case, PHH, did not establish that the joinder of USAA was fraudulent.

50.    To the contrary, not only is no evidence that the joiner of USAA was fraudulent, the evidence establishes that USAA is a necessary party to this lawsuit.

51.    As stated above the issue in this case is whether a Deed of Trust on a residence located in Harris County is void and, therefore, unenforceable.

52.    Attached as Exhibit 2, is a copy of the Deed of Trust. In the Deed of Trust, the lender is USAA Federal Savings Bank with an address of 10750 McDermott Freeway, San Antonio, Texas.

53.     The Property is located in the Canyon Gate at Park Lake, Sec. 12 Subdivision. Attached as Exhibit 5 is a copy of the Harris County Grantor Index for the all Canyon Gate Subdivisions which includes the subdivision in which the Property is located.

54.     In the Harris County Grantor Index there is no transfer or assignment of the Deed of Trust listed by USAA.

55.     In its removal documents, PHH claims that it is the owner and holder of the Note and Deed of Trust.

56.     Attached as Exhibit 6 is a copy of the Harris County Grantee Index for all Canyon Gate Subdivisions.

57.     In the Harris County Grantee Index there is no transfer or assignment of the Deed of Trust to PHH Mortgage listed.

58.     According to the Official Real Property  Records of tHarris County which are maintained by the Harris County Clerk, PHH is a stranger to the Property.

59.     Therefore, since there is no transfer or assignment, USAA is, according to the Harris County Clerk's Office, still the owner and holder of the Note and Deed of Trust.

60.     As the owner and holder of the Note and Deed of Trust which is involved in this case, USAA has an obvious interest in this action which seeks to determine whether the Deed of Trust is or is not void.

61.     Under these facts, USAA has not been fraudulently joined as a party to this proceeding.

## PLAINTIFF ANKUS HAS STATED A CAUSE OF ACTION
## TO REMOVE A CLOUD ON TITLE

62.     In its petition, Ankus has requested that the Court determine the rights of the parties in the Property and has requested that the Deed of Trust be stricken as a cloud on its title to the Property.

63.     An action to remove a cloud from title exists to remove from his title "any unlawful hindrance having the appearance of a better right." *Bell v. Ott*, 606 S.W.2d 942, at 952 (Tex. App.– Waco 1980, writ ref'd. n.r.e.) (*Quoting Thompson v. Locke*, 66 Tex. 383, 1 S.W.112, 115 (1886).

64.     "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Angell v. Vailey*, 225 S.W.3rd 834, 838 (Tex. App.–El Paso 2007, no pet.).

65.     Any instrument that purports to convey an interest in or make any changes in title to real property, is a cloud on the title of the owner of the property which may be determined in an action to strike or remove the cloud. *Johnson v. Williams*, No. 01-05-00445-cv, 2006 WL1653656 at *4 (Tex. App.–Houston [14th Dist.] 2006, pet. denied).

66.     Defendant claims to be the holder of a Deed of Trust lien on the Property.

67.     Ankus's action to "strike" the Deed of Trust certainly states a cause of action against Defendants, which includes USAA to remove a cloud on title.

### Enforcement of The Deed of Trust is Barred by the Statute of Limitations

68.     In its Amended Petition, Ankus claims that enforcement of the Deed of Trust is barred by the Texas four year statute of limitations.

69.     The applicable statute of limitations for a nonjudicial foreclosure sale under a deed of trust is stated in 16.035 of the Texas Civil Practice and Remedies Code, which states:

16.035.  Lien on Real Property

...

(b)     A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.

70.     The Texas Supreme Court has held that the failure to foreclose a deed of trust lien within (4) years after the debt was accelerated bars enforcement of the deed of trust and renders the lien void and unenforceable.  *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562. (Tex. 2001).

> Under state law, a sale of real property under a power of sale in a mortgage or deed of trust that creates a real-property lien must be made not later then four years after the day the cause of action accrues.  Tex. Civ. Prac. & Rem. Code 16.035 (b) *McLemore v. Pacific Southwest Bank,* 872 S.W.2d 286, 292, (Tex. App.–Texarkana 1994; writ dism'd by agr.).  When this four-year period expires, the real property lien and the power of sale to enforce the lien become void. Tex. Civ. Prac. & Rem. Code 16.035(d).

*Id*, at 567

71.     Where a sale under a deed of trust has not occurred within four (4) years of the date of maturity, the deed of trust is void. *The Cadle Co. v. Butler*, 951 S.W.2d 901 (Tex. App.–Corpus Christi 1997, no pet.); *Woodside Assurance, Inc. v. N.K. Resources, Inc.*, 175 S.W.3d 421 (Tex. App.–Houston [14th Dist.] 2005, no pet.).

72.     Therefore, a foreclosure sale under a deed of trust must be held within four (4) years of the date of maturity or enforcement is barred.  *Id.*

73.     In the present case it is undisputed that the debt was accelerated as of November, 2015, and probably earlier.

74.     Four (4) years from November, 2015 is November, 2019.  It is undisputed that the Deed of Trust was not enforced by this date.

11

75.     The purpose of the statutes of limitations is to compel plaintiffs to assert their claims "within a reasonable period while the evidence is fresh in the minds of the parties and witnesses." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001) (quoting *Computer Assocs. Int'l Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996); see *Murray v. San Jacinto Agency Inc.*, 800 S.W.2d 826 828 (Tex. 1990); *Medina v. Tate,* 438 S.W.3d 583, 598 (Tex. App.–Houston [1st Dist.] 2013, no pet.).

**Plaintiff's Motion for Leave to File Amended Complaint**

76.     Ankus believes that its current pleading, its First Amended Petition states a cause of action against USAA.  If the Court however, finds that it does not state a cause of action, Ankus requests leave of Court to file its Second Amended Complaint.

WHEREFORE, Ankus requests that this case be remanded to the State District Court.

Respectfully submitted,

By:     */s/ Jerry L. Schutza*
          Jerry L. Schutza
          State Bar No. 17853800
          815 Walker Street, Suite 1453
          Houston, Texas  77002
          (713) 963-9988
          (713) 963-0085 (Fax)
          schutzalaw@yahoo.com

**ATTORNEY FOR PLAINTIFF**
**ANKUS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent to opposing counsel and all parties of interest via electronic filing on February 23, 2022.

### *Via Electronic Filing:*

Camille Griffith
2200 Ross Ave.
Ste. 2800
Dallas, Texas 75201


_____*/s/ Jerry L. Schutza*
Jerry L. Schutza