United States District Court
Southern District of Texas
**ENTERED**
September 15, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANKUS, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-0355 |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ankus, L.L.C. ("Plaintiff"), filed this action in the 125th Judicial District Court of Harris County, Texas, against Defendant PHH Mortgage Corp. ("Defendant") on December 29, 2021, challenging a scheduled foreclosure of real property.[1] Pending before the court is Defendant PHH Mortgage Corporation's Motion to Dismiss and Brief in Support ("Defendant's MTD" or "Defendant's Motion to Dismiss") (Docket Entry No. 25). For the reasons set forth below, Defendant's Motion to Dismiss will be granted in part and denied in part.

---

[1] Plaintiff's Original Petition and Application for Temporary Restraining Order ("Original Petition"), Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 1. The real property in question is located at 9510 Gentry Shadows Lane, Houston, Texas 77396 ("the Property"). Id. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

## I. Factual and Procedural Background

Plaintiff alleges that on August 10, 2009, Demetrius L. Harris borrowed $282,955.00 from USAA Federal Savings Bank ("USAA") to buy the Property.[2] As security for the debt, Harris executed a Deed of Trust on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") and USAA.[3] The Deed of Trust was later transferred to PHH.[4] Plaintiff alleges that the Note's maturity was accelerated by November 10, 2015.[5] In support of this allegation, Plaintiff attaches a Notice of [Substitute] Trustee Sale that scheduled a foreclosure sale for December 1, 2015, and another Notice of [Substitute] Trustee Sale that scheduled a foreclosure sale for December 6, 2016 (collectively, "Foreclosure Notices").[6] Plaintiff purchased the Property at a Constable's Sale on May 1, 2018.[7] PHH posted the Property for a Substitute Trustee's Sale scheduled for January 4, 2022.[8]

---

[2] Plaintiff's Second Amended Complaint ("Second Amended Complaint" or "Complaint"), Docket Entry No. 20, pp. 1-2 ¶ 5.

[3] Id.

[4] Id. at 2 ¶ 6.

[5] Id. ¶ 9.

[6] Notice of [Substitute] Trustee Sale ("2015 Foreclosure Notice"), Exhibit A to Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 6; Notice of [Substitute] Trustee Sale ("2016 Foreclosure Notice"), Exhibit B to Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 8.

[7] Complaint, Docket Entry No. 20, p. 1 ¶ 4.

[8] Id. at 2 ¶ 7.

On December 29, 2021, Plaintiff brought this action in the 125th Judicial District Court of Harris County, Texas, challenging the scheduled foreclosure.[9] Defendant removed the case to this court on February 2, 2022.[10] Plaintiff filed the Second Amended Complaint on May 30, 2022, asserting claims to quiet title and trespass to try title and requesting declaratory judgment that the foreclosure statute of limitations has expired.[11]

Defendant filed its Motion to Dismiss on July 6, 2022.[12] Plaintiff filed Plaintiff's Response to Defendant's Rule 12(b)(6) Motion to Dismiss ("Plaintiff's Response") on August 9, 2022.[13] Defendant filed its Reply in Support of Motion to Dismiss and Response to Motion for Leave to Amend Complaint ("Defendant's Reply") on August 30, 2022.[14]

## II. **Legal Standard**

**A. Rule 12(b)(6)**

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the

---

[9]Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 1; Notice of Removal, Docket Entry No. 1, p. 1.

[10]Notice of Removal, Docket Entry No. 1, p. 1.

[11]Complaint, Docket Entry No. 20, pp. 1, 3-4 ¶¶ 16-20.

[12]Defendant's MTD, Docket Entry No. 25, p. 1.

[13]Plaintiff's Response, Docket Entry No. 28, p. 1.

[14]Defendant's Reply, Docket Entry No. 35, p. 1.

complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). In evaluating a motion to dismiss, the court should "assume [the] veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). But bare legal conclusions are "not entitled to the assumption of truth." Id. A motion to dismiss should be denied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that" Plaintiff's claim is meritorious. Id. at 1949.

### B. Declaratory Judgment

"When a declaratory judgment action filed in state court is removed to federal court . . . courts analyze claims under the federal Declaratory Judgment Act." Collins v. National Football League, 566 F. Supp. 3d 586, 602-03 (E.D. Tex. 2021) (internal quotations omitted). "But when a federal court possesses diversity jurisdiction, it may consider a state-law declaratory judgment claim, so long as that claim presents a justiciable controversy." McCurdy v. Mortgage Electronic Registration Systems, Inc., 605 F. App'x 455, 455 (5th Cir. 2015) (per curiam). Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."

28 U.S.C. § 2201(a). Declaratory judgment "is merely a procedural device and does not create any substantive rights or causes of action." Smitherman v. Bayview Loan Servicing, LLC, 727 F. App'x 787, 792 (5th Cir. 2018).

### III. Analysis

The Complaint asserts claims under Texas law to quiet title and to trespass to try title and requests declaratory judgment that the statute of limitations has expired.[15] Each of Plaintiff's claims is based on the argument that the lien is void because the statute of limitations to foreclose has expired. Defendant argues that "there are no 'facts' alleged by Plaintiff that raises a plausible statute of limitations claim."[16]

Defendant argues that Plaintiff cannot assert a quiet title claim because Plaintiff has not tendered the full amount due on the note.[17] Defendant also argues that Plaintiff cannot assert a trespass to try title because Plaintiff has not alleged a dispossession of the Property.[18] Based on these asserted defects, Defendant argues that Plaintiff has stated no cognizable claim and that Plaintiff's requests for declaratory judgment and injunctive relief must therefore also be denied.[19]

---

[15] Complaint, Docket Entry No. 20, pp. 3-4 ¶¶ 16-20.

[16] Defendant's Reply, Docket Entry No. 35, p. 3.

[17] Defendant's MTD, Docket Entry No. 25, p. 4.

[18] Id.

[19] Id. at 5-6.

### A. Statute of Limitations

The Complaint alleges that the foreclosure statute of limitations has passed.[20] Texas Property Code § 16.035(b) states that "[a] sale of real property under a . . . deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." When this period expires, the lien becomes void. Id. § 16.035(d). If a "deed of trust secured by real property contains an optional acceleration clause . . . the action accrues only when the holder actually exercises its option to accelerate." Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001). The weight of authority, and all recent Texas cases the court is aware of, hold that acceleration requires both (1) a notice of an intent to accelerate and (2) a subsequent notice of acceleration, notice of intent to foreclose, or other conduct making clear that the note is accelerated. See Jasper Federal Savings & Loan Association v. Reddell, 730 S.W.2d 672, 674 (Tex. 1987); Burney v. Citigroup Global Markets Realty Corp., 244 S.W.3d 900, 903 (Tex. App.-Dallas 2008, no pet.); Wilmington Trust, National Association v. Rob, 891 F.3d 174, 176-77 (5th Cir. 2018) (applying Texas law).

Defendant argues that the Complaint's statute of limitations claim is "conclusory, speculative, based on conjecture, and devoid of any factual enhancement."[21] In response to Plaintiff's assertion

---

[20]Complaint, Docket Entry No. 20, p. 2 ¶ 9.

[21]Defendant's Reply, Docket Entry No. 35, p. 3.

that the debt had been accelerated by at least 2015, Defendant argues that "Plaintiff does not state these allegations as facts and does not state how it would be in any position to know when the Note was accelerated."[22]

The Complaint's allegations plausibly support Plaintiff's claim that the note was accelerated by 2015. Although the Complaint does not attach a notice of intent to accelerate, it need not conclusively prove the elements of acceleration to survive a motion to dismiss. The Complaint must allege facts plausibly supporting the assertion that the acceleration occurred. The Complaint refers to two Foreclosure Notices, which scheduled foreclosure sales in 2015 and 2016 respectively.[23] Each Foreclosure Notice asserts that "[a] default has occurred in the payment of indebtedness, and the same is now wholly due."[24] The fact that the Deed of Trust holder signed and posted these foreclosure notices, claiming to have accelerated the note, makes it at least plausible that the holder took the necessary steps to accelerate, including a notice of intent to accelerate. Defendant acknowledges that

---

[22] Id. at 4.

[23] 2015 Foreclosure Notice, Exhibit A to Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 6; 2016 Foreclosure Notice, Exhibit B to Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 8.

[24] 2015 Foreclosure Notice, Exhibit A to Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 6; 2016 Foreclosure Notice, Exhibit B to Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 9.

"Plaintiff had no relationship whatsoever with Mr. Harris, and was in no position to have Mr. Harris's loan documents and/or correspondence from PHH about the Note."[25] It is therefore not surprising that Plaintiff does not have the notice of intent to accelerate, if one was given. But the Foreclosure Notices, including their assertions that notes were accelerated, "allow[] the court to draw the reasonable inference that" the acceleration requirements were met in 2015 or 2016. Iqbal, 129 S. Ct. at 1949.

Plaintiff alleges that a foreclosure sale never took place,[26] and there are no facts to indicate that the acceleration was ever abandoned. Plaintiff has therefore alleged sufficient facts, taken as true, to plausibly support its claim that the statute of limitations has expired.

B. **Quiet Title**

Plaintiff seeks to quiet title to the Property based on the foreclosure statute of limitations.[27] Under Texas law, "[t]he elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." Vernon v. Perrien, 390 S.W.3d 47, 61 (Tex. App.-

---

[25]Defendant's Reply, Docket Entry No. 35, p. 4.

[26]Plaintiff's Response, Docket Entry No. 28, p. 6.

[27]Complaint, Docket Entry No. 20, p. 4 ¶ 19.

El Paso 2012). Moreover, in a suit to quiet title, "a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note." E.g., Fillion v. David Silvers Co., 709 S.W.2d 240, 246 (Tex. App.-Houston [14th Dist.] 1986).

Defendant argues that Plaintiff has failed to tender the full balance of the note.[28] Plaintiff argues that it need not tender anything because it owes nothing to Defendant as the Deed of Trust is void.[29] However, courts have not made an exception even where the defendant's lien is alleged to be void. See Inge v. Bank of America, N.A., 2018 WL 4561622, at *3 (E.D. Tex. Sep. 24, 2018) (requiring tender where Plaintiff challenged the validity of the underlying lien). Because Plaintiff "has not alleged that [it] has tendered the balance of [the] loan," the quiet title claim fails as a matter of law. Campo v. Bank of America, N.A., 2016 WL 1162199, at *5 (S.D. Tex. Mar. 24, 2016). Defendant's Motion to Dismiss will therefore be granted as to Plaintiff's quiet title claim.

## C. Trespass to Try Title

Plaintiff also asserts the claim of trespass to try title.[30] To state a claim for trespass to try title, a complaint must state:

---

[28]Defendant's MTD, Docket Entry No. 25, p. 4.

[29]Plaintiff's Response, Docket Entry No. 28, p. 7.

[30]Complaint, Docket Entry No. 20, p. 3 ¶ 18.

"(1) the real names of the parties and their residence, if known; (2) a legally sufficient description of the premises; (3) the plaintiff's claimed interest; (4) that the plaintiff possesses the premises or is entitled to possession; (5) that the defendant unlawfully entered and dispossessed the plaintiff of the premises and withholds possession; and (6) a 'prayer for the relief sought.'" Brumley v. McDuff, 616 S.W.3d 826, 832 (Tex. 2021). Plaintiff asserts that Brumley demonstrates that a person in possession of the disputed property can still assert a trespass to try title claim.[31] But the court in Brumley explained that the plaintiffs were not required to allege dispossession only because the defendants had impliedly admitted that they possessed the disputed property. See Brumley, 616 S.W.3d at 834 n.42. Defendant argues that Plaintiff's trespass to try title claim fails because the Complaint does not allege that Defendant ever entered and dispossessed Plaintiff of the Property.[32] Plaintiff's Response requests leave to file Plaintiff's Third Amended Complaint ("Plaintiff's TAC" or "Third Amended Complaint") to correct this deficiency.[33] However, the proposed Third Amended Complaint does not allege that Defendant entered or dispossessed Plaintiff of the

---

[31]Plaintiff's Response, Docket No. 28, p. 10.

[32]Defendant's MTD, Docket Entry No. 25, pp. 3-4.

[33]Plaintiff's Response, Docket Entry No. 28, p. 10; Plaintiff's Motion for Leave to Amend Complaint, included in Plaintiff's Response, Docket Entry No. 28, p. 13.

Property.[34]  Instead it states that "[a]s required by Texas law . . . a Plaintiff must plead . . . [that] Defendant has afterward unlawfully entered upon and dispossessed Plaintiff of the premises and withholds the possession thereof."[35]  Even ignoring the fact that this merely states the element without pleading it, the Third Amended Complaint includes no factual allegations to support a claim that a dispossession occurred.  Because the Third Amended Complaint would not correct the pleading deficiency, Plaintiff's Motion for Leave to Amend Complaint[36] will be denied as futile.  See Marucci Sports, L.L.C. v. National Collegiate Athletic Association, 751 F.3d 368, 378 (5th Cir. 2014) ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion.").  Because Defendant has not entered and dispossessed Plaintiff of the Property, the trespass to try title claim fails as a matter of law.  Defendant's Motion to Dismiss will be granted as to Plaintiff's trespass to try title claim.

**D. Declaratory Judgment and the Statute of Limitations**

Defendant asserts that Plaintiff has failed to plead a cognizable legal claim because of the defects in Plaintiff's quiet title and trespass to try title claims.[37]  Defendant argues that

---

[34]Plaintiff's Third Amended Complaint, Docket Entry No. 29, p. 4 ¶ 20.

[35]Id.

[36]Plaintiff's Motion for Leave to Amend Complaint, included in Plaintiff's Response, Docket Entry No. 28, p. 13.

[37]Defendant's Reply, Docket Entry No. 35, pp. 4-7.

Plaintiff only has a request for declaratory relief without an independent legal claim. Under both Texas and federal law declaratory judgment is merely a procedural mechanism that must be accompanied by an independent legal claim to survive a motion to dismiss. Williams v. Davis, 628 S.W.3d 946, 958 (Tex. App.-Houston [14th Dist.] 2021); Smitherman, 727 F. App'x at 792. But the Texas Supreme Court has treated a foreclosure statute of limitations argument as an independent legal claim. See Holy Cross Church, 44 S.W.3d at 574. In Holy Cross Church the debtor plaintiff challenged a foreclosure sale alleging wrongful foreclosure, unjust enrichment, and constructive trust and seeking declaratory judgment that the foreclosure was void. Id. at 565. The plaintiff subsequently nonsuited all claims without prejudice except the statute of limitations argument. Id. After determining that "the Texas four-year statute of limitation applicable to foreclosure actions governs this case," the court rendered judgment for the plaintiff. Id. at 574. The court in Holy Cross Church was satisfied that the statute of limitations could serve as a claim supporting a request for declaratory judgment.

In McCurdy, 605 F. App'x at 455, the plaintiff sought declaratory judgment that "the statute of limitations . . . rendered a prior foreclosure notice nugatory." Id. The district court dismissed the claim "in part because 'a request for declaratory relief is simply a remedy and not a free-standing claim.'" Id. The Fifth Circuit reversed, concluding that a court

sitting in diversity could hear the state law declaratory judgment claim, even though all other claims were dismissed. Id.

The court therefore concludes that Plaintiff's statute of limitations argument is an independent legal claim, and that the court can consider the request for declaratory judgment without the quiet title and trespass to try title claims. Defendant's Motion to Dismiss will therefore be denied as to Plaintiff's statute of limitations claim and request for declaratory judgment.

**E.   Injunctive Relief**

The Second Amended Complaint abandons the earlier requests for injunctive relief, as confirmed by Plaintiff's Response.[38] The Defendant's Motion to Dismiss is therefore moot as to injunctive relief.

### IV.   Conclusion and Order

For the reasons explained above, the court concludes that Plaintiff's quiet title and trespass to try title fail as a matter of law. Plaintiff's Third Amended Complaint would not cure these deficiencies. However, Plaintiff has stated a plausible statute of limitations claim. Defendant PHH Mortgage Corporation's Motion to Dismiss (Docket Entry No. 25) is therefore **GRANTED** as to the quiet title and trespass to try title claims and **DENIED** as to the statute

---

[38]Complaint, Docket Entry No. 20, pp. 3-4; Plaintiff's Response, Docket Entry No. 28, p. 13.

of limitations claim and request for declaratory judgment. Plaintiff's Motion for Leave to Amend Complaint (Docket Entry No. 28, p. 13) is **DENIED.**

Because of the number of dispositive motions pending on the court's docket, the court normally limits the parties to one dispositive motion. There is no reason to depart from this policy in this case. Instead of filing a motion for summary judgment with supporting documentation, Defendant chose to file a motion to dismiss under Rule 12(b)(6). Were this a motion for summary judgment, Plaintiff would have the benefit of discovery, which could have helped clarify whether the note was properly accelerated in 2015 or 2016, but Plaintiff would also have an evidentiary burden. Instead Defendant filed a motion to dismiss, requiring the court to construe the Complaint liberally in favor of the Plaintiff, take all facts pleaded in the complaint as true, and ask only whether those facts make Plaintiff's claim plausible on its face. United States ex rel. Rafizadeh v. Continental Common, Inc., 553 F.3d 869, 872 (5th Cir. 2008).

**SIGNED** at Houston, Texas, this 15th day of September, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE