# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANKUS, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-00355 |
| | § | |
| PHH MORTGAGE CORP., | § | |
| | § | |
| Defendant. | § | |

## PHH MORTGAGE CORP.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant PHH Mortgage Corp. ("PHH") files this Reply to the "Response to Defendants' [sic] Motion for Summary Judgment" (the "Response") (Doc. No. 47) filed by Plaintiff Ankus, L.L.C. ("Plaintiff").

**TABLE OF CONTENTS**

I.    NATURE AND STAGE OF THE PROCEEDING..............................................................5

II.   SUMMARY OF ARGUMENTS ......................................................................................5

III.  RESPONSE TO PLAINTIFF'S OBJECTIONS TO PHH'S EX. 6 AND EX. 9 ................6

IV.  STATEMENT OF THE ISSUES....................................................................................10

V.   ARGUMENTS AND AUTHORITIES............................................................................10

    A.    The Operative Acceleration Date is October 5, 2016, Because PHH Rescinded All Prior Accelerations in Writing .........................................................10

    B.    Plaintiff Has Not Presented Any Controverting Evidence Demonstrating that PHH Acted Inconsistently with Its Right to Foreclose on the Property .........11

    C.    Plaintiff Wholly Failed to Address that PHH Abandoned Acceleration by Halting All Foreclosure Activity on August 25, 2017, Because the Property Was Located in a Federally Declared Disaster Area from Hurricane Harvey.......15

    D.    Plaintiff Improperly Attempts to Revive Its Quiet-Title Claim After the Court Already Dismissed the Claim ...................................................................16

    E.    Plaintiff Is Not Entitled to Attorney's Fees or Damages ........................................16

VI.  CONCLUSION...............................................................................................................17

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Boren v. U.S. Nat'l Bank Ass'n*,
    807 F.3d 99 (5th Cir. 2015) ................................................................................5,10, 11, 12, 14

*Bourne v. Gunnels*,
    No. CV H-16-0515, 2023 WL 1867462 (S.D. Tex. Feb. 9, 2023) ............................................7

*Cent. Mut. Ins. Co. v. Davis*,
    576 F. Supp. 3d 493 (S.D. Tex. 2021) .....................................................................................9

*Colbert v. Wells Fargo Bank, N.A.*,
    850 F. App'x 870 (5th Cir. 2021) (per curiam) ..................................................................13, 14

*Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*,
    429 F.3d 108 (5th Cir. 2005) ..................................................................................................10

*Douglas v. Wells Fargo Bank, N.A.*,
    992 F.3d 367 (5th Cir. 2021) ..................................................................................................17

*Green Int'l, Inc. v. Solis*,
    951 S.W.2d 384 (Tex. 1997) ..................................................................................................17

*Jones v. Wells Fargo Bank, N.A.*,
    858 F.3d 927 (5th Cir. 2017) ..................................................................................................10

*Logue v. Wells Fargo Bank, N.A.*,
    No. 21-20217, 2022 WL 989369 (5th Cir. Apr. 1, 2022) .......................................................12

*Lyons v. Select Portfolio Servicing Inc.*,
    748 F. App'x 610 (5th Cir. 2019) (per curiam) ......................................................................14

*Reinagel v. Deutsche Bank Nat'l Tr. Co.*,
    735 F.3d 220, 228 (5th Cir. 2013) ..........................................................................................10

*Sexton v. Deutsche Bank Nat'l Tr. Co. for GSAMP Tr. 2007-FM2, Mortg. Pass-Through Certificates, Series 2007-FM2*,
    731 F. App'x 302 (5th Cir. 2018) (per curiam) ......................................................................14

*Thompson v. Bank of Am. Nat'l Ass'n*,
    783 F.3d 1022 (5th Cir. 2015) ................................................................................................11

**Statutes and Rules**

FED. R. CIV. P. 12 ...................................................................................................................13

FED. R. CIV. P. 56..................................................................................................7, 12, 16, 17

FED. R. EVID. 401 ...............................................................................................................7, 8

FED. R. EVID. 403 ....................................................................................................................8

FED. R. EVID. 901 ....................................................................................................................8

## I. NATURE AND STAGE OF THE PROCEEDING

Plaintiff initiated this declaratory-judgment action to attempt to invalidate PHH's superior deed of trust lien premised on several meritless claims. (Doc. No. 1-5). The Court previously dismissed all but the limitations claim. (Doc. No. 36). On September 22, 2023, PHH moved for summary judgment, seeking to dismiss the remainder of Plaintiff's lawsuit with prejudice. (Doc. No. 46). On October 12, 2023, Plaintiff filed the Response, failing to show any genuine dispute as to any material fact. (Doc. No. 47). Thus, the Court should grant summary judgment in favor of PHH and dismiss the remainder of Plaintiff's lawsuit with prejudice.

## II. SUMMARY OF ARGUMENTS

The operative acceleration date is October 5, 2016, because PHH abandoned all prior accelerations in writing as demonstrated by PHH's evidence that Plaintiff willfully ignored and failed to address in the Response. (*See infra* p. 8).

Plaintiff spares nothing in its attempt to manufacture a fact issue in the Response. Its tortured attempts to do so hang largely on whether Borrower was *actually* serving in the military. (Doc. No. 47, ¶¶ 17–18, 128–32). Despite Plaintiff's unsuitable attempts to fabricate a fact issue, Borrower's *actual* military status is not at issue and has no bearing on the outcome of this declaratory-judgment action. Rather, the narrow issue is whether PHH satisfied the requirements under *Boren* by either actually intending to relinquish its right to foreclose on the Property or intentionally conducting itself in a manner that is inconsistent with its right to foreclose on the Property. (Doc. No. 46 at pp. 11–15). PHH's summary-judgment evidence unequivocally establishes that it could have foreclosed on the Property due to Borrower's severe delinquency. But PHH halted all foreclosure activity for two reasons: (1) Borrower served in the military, and PHH relied on a credible database to regularly verify Borrower's active-duty military status while the SCRA benefits were applied to the Loan; and (2) the Property was located in a Federally

Declared Disaster area caused by Hurricane Harvey. **Exs. A, A-5, A-6, A-7, A-8**. Significantly, Plaintiff has failed to address PHH's abandonment of the acceleration due to a federal disaster. (*Compare* **Ex. A, ¶¶ 11–12** *with* Doc. No. 47). Nor has Plaintiff presented any controverting evidence to refute the April 24, 2018 notice that attempted to collect a debt for less than the acceleration amount. (*Compare* **Ex. A-7** *with* Doc. No. 47). Thus, PHH's intentional conduct to halt foreclosure for two different and distinct reasons demonstrated that PHH had abandoned all prior accelerations, which restored the original maturity date on the Note. PHH had no intent to re-accelerate the Loan until December 3, 2021, when it issued the 2021 Notice of Acceleration to both Borrower and Plaintiff. **Ex. A, ¶¶ 11–12**. To further demonstrate its intent, PHH sent the April 24, 2018 notice requesting less than the acceleration balance due and owing. **Ex. A-7**. Plaintiff, on the other hand, has not furnished any ***controverting*** evidence to establish how PHH's intent to abandon acceleration was ineffective. (*See generally* Doc. No. 47). Accordingly, the Court should grant summary judgment and dismiss Plaintiff's remaining claim with prejudice.

### III.    RESPONSE TO PLAINTIFF'S OBJECTIONS TO PHH'S EX. 6 AND EX. 9

Plaintiff objects to PHH's Ex. 6 and Ex. 9. However, PHH did not attach any evidence to its Motion for Summary Judgment labeled as Ex. 6 or Ex. 9, rendering Plaintiff's objections irrelevant, and PHH objects on this ground because it is confusing and misleading. (*See generally* Doc. No. 46). To the extent that Plaintiff attempts to object to PHH's Ex. A-6 and Ex. A-9 and any reference to Borrower's military status, PHH will respond accordingly.

In essence, Plaintiff disputes evidence of Borrower's military status and any information PHH relied on to act inconsistently with its rights to accelerate the Loan and foreclose on the Property. (Doc. No. 47, ¶ 17). Plaintiff contends that PHH offered "no evidence . . . to establish that [Borrower] was on active duty in the military." (Doc. No. 47, ¶ 18). While Plaintiff attempts to discredit PHH's Ex. A-6—communications between

Borrower and PHH—it lodges no express legal objection in support of its incredulous contention and purported objection to these communications. Similarly, Plaintiff objects to PHH's Ex. A-9—an SCRA Status Report for Borrower—and argues that the "document is totally worthless, irrelevant, and without proper authentication," without any legal support for Plaintiff's baseless and conclusory statements. (Doc. No. 47, ¶ 19).

First, "worthless" is not a legal objection, and Plaintiff cites no legal authority in support of this purported objection. (Doc. No. 47, ¶ 19).

Additionally, PHH's evidence is relevant and admissible. *See* FED. R. EVID. 401; *see also* FED. R. CIV. P. 56(c)(2). "Under Rule 401, evidence is relevant 'if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Bourne v. Gunnels*, No. CV H-16-0515, 2023 WL 1867462, at *4 (S.D. Tex. Feb. 9, 2023) (quoting FED. R. EVID. 401). PHH did not foreclose on the Property when it had every legal and contractual right to do so, because it provided Borrower with foreclosure-protection benefits under the SCRA, as demonstrated by the communications between Borrower and PHH. **Ex. A, ¶¶ 6, 8, 11**; (Doc. No. 46 at p. 8). Furthermore, PHH continued to apply the foreclosure-protection benefits to the Loan for years until the SCRA Status Report showed that Borrower no longer served in the military. **Ex. A, ¶ 11**. Thus, these documents have the tendency to show that PHH did not proceed with foreclosure, because it reasonably believed that Borrower was in the military and offered him foreclosure-protection benefits under the SCRA. In other words, the SCRA Status Report tends to make PHH's intent to abandon foreclosure on the Property more probable than it would be without the evidence, and PHH's intent to halt all foreclosure activity is of

consequence in determining that Borrower was still actively serving in the military. *See* FED. R. EVID. 401.

To exclude relevant evidence, Plaintiff has to prove that the probative value of PHH's evidence is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.  Significantly, Plaintiff does not support its objections on any of these grounds. (*See generally* Doc. No. 47, ¶¶ 10–21). Therefore, the Court should overrule Plaintiff's relevance objections.

Finally, Plaintiff objects to the SCRA Status Report based on unsubstantiated claims that PHH's evidence is "without proper authentication." (Doc. No. 47, ¶ 19). "To satisfy the requirement of authenticating . . . evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a). Authenticated evidence is evidence that is supported by "[t]estimony that an item is what it is claimed to be." FED. R. EVID. 901(b)(1). Here, PHH attached the Declaration of Kevin Flannigan, a Senior Loan Analyst at Ocwen Financial Corporation, whose testimony authenticated both the communications between Borrower and PHH and the SCRA Status Report. **Ex. A, ¶ 7–9, 11**; (Doc. No. 46 at pp. 6–7, 12–13).

Mr. Flannigan testified, *inter alia*, to the nature of the communications between Borrower and PHH about PHH's application of foreclosure-protection benefits to the Loan, the contents of the communications, and how the communications relate to PHH's application of foreclosure-protection benefits based on Borrower's military status. **Ex. A, ¶ 8**. Mr. Flannigan also testified to the nature of PHH's process in regularly reviewing the Department of Defense's Manpower Data Center's website to verify Borrower's military status and the

information on which PHH relied to stop offering the SCRA benefits to Borrower. **Ex. A, ¶ 9, 11**. Mr. Flannigan further testified as to the relation of the website information to PHH's intent to re-accelerate the Loan after Borrower's military status showed that Borrower was no longer active-duty military. **Ex. A, ¶ 7–9, 11–12**.

Notably, Plaintiff does not object to Mr. Flannigan's declaration in any respect. (*See generally* Doc. No. 47, ¶¶ 10–21). Consequently, the Court should overrule Plaintiff's authentication objection. *See, e.g.*, *Cent. Mut. Ins. Co. v. Davis*, 576 F. Supp. 3d 493, 504 (S.D. Tex. 2021) (overruling authentication objection where declarant testified to the nature of the evidence and explained what it contained and how it related to the evidence).

The bottom line is that Plaintiff's objections relate to the weight the Court assigns to the PHH's evidence, given the declaration, but Plaintiff has presented no evidence disputing the Declaration, which expressly explains how and why PHH relied on the SCRA Status Report. Even if PHH was mistaken about the SCRA Status Report, Plaintiff offers only conjecture and speculation to attack the SCRA Status Report. Chiefly, Plaintiff does not, however, present any evidence whatsoever refuting PHH's *intent* to abandon acceleration. Therefore, this Court should overrule all of Plaintiff's objections.[1]

---

[1] Plaintiff appears to casually suggest that it takes issue with the assignment of the Deed of Trust. (Doc. No. 47, ¶ 28). However, such suggestion was not clearly pled and raised as an issue before this Court. (Doc. Nos. 20, 36). The Court, in construing the live Complaint liberally, acknowledged that the "Deed of Trust was later transferred to PHH." (Doc. No. 36 at p. 2). To the extent that Plaintiff attempts to raise a new argument regarding the assignment of the Deed of Trust in the Response, PHH objects to this argument as improper. *See, e.g.*, *Jones v. Wells Fargo Bank, N.A.*, 858 F.3d 927, 935 (5th Cir. 2017); *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Furthermore, Plaintiff lacks standing to challenge the assignment, because Plaintiff was neither a party nor a third-party beneficiary to the assignment. *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 228 (5th Cir. 2013). Nor has Plaintiff presented any evidence proving that Plaintiff was a party or a third-party beneficiary to the assignment. (Doc. No. 47).

## IV. STATEMENT OF THE ISSUES

1. Whether the operative acceleration date is October 5, 2016, because the 2016 Notice of Acceleration contains an unequivocal notice of rescission that rescinded all prior accelerations.

2. Whether Plaintiff's failure to present any controverting evidence to refute PHH's intent to abandon acceleration entitles PHH to summary judgment.

3. Whether Plaintiff's failure to address *Boren* and *Logue*'s application to this factually analogous case defeats all of Plaintiff's arguments that Borrower's actual military status is relevant.

4. Whether this Court should disregard Plaintiff's improper attempt to revive a quiet-title claim previously dismissed by this Court on September 15, 2022.

5. Whether Plaintiff's requests for attorney's fees and damages fail as a matter of law because Plaintiff has no viable claims and Plaintiff failed to address PHH's arguments regarding why it was not entitled to these requests in the Response.

## V. ARGUMENTS AND AUTHORITIES

### A. THE OPERATIVE ACCELERATION DATE IS OCTOBER 5, 2016, BECAUSE PHH RESCINDED ALL PRIOR ACCELERATIONS IN WRITING

Plaintiff contends that the operative acceleration date is November 3, 2015. (Doc. No. 47, ¶¶ 5–6). Yet, Plaintiff relies on PHH's evidence—namely, the 2015 Notice of Acceleration—and critically ignores the unequivocal rescission language in the 2016 Notice of Acceleration, which expressly "rescinds all prior acceleration notices" and "reserves the right to accelerate in this notice." **Ex. B-2**; (Doc. No. 46 at p. 7). Thus, the Plaintiff's reliance on the November 3, 2015 acceleration date is misplaced, because PHH rescinded all prior accelerations in writing, and PHH's rescission of the 2015 acceleration restored the Note's original maturity date until PHH again accelerated the Note when it issued the 2016 Notice of Acceleration on October 5, 2016. Hence, the operative acceleration date at issue is October 5, 2016. (Doc. No. 46 at p. 7).

### B. PLAINTIFF HAS NOT PRESENTED ANY CONTROVERTING EVIDENCE DEMONSTRATING THAT PHH ACTED INCONSISTENTLY WITH ITS RIGHT TO FORECLOSE ON THE PROPERTY

The Response rests solely on Plaintiff's misunderstanding of the facts of this case and the applicable law. Specifically, the Response centers on whether Borrower was actually serving in the military. (Doc. No. 47). Plaintiff's reliance on this irrelevant fact is misplaced. The only relevant fact issue is PHH's intent to abandon acceleration, given that Plaintiff has failed to dispute the other two elements of *Boren*'s three-part test for abandonment of acceleration.

Under Texas law, a lender voluntarily abandons or waives acceleration by proving: "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Boren*, 807 F.3d at 105 (quoting *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015)).

PHH has satisfied all three abandonment requirements. (Doc. No. 46 at pp. 11–14). While Plaintiff objects to both communications between Borrower and PHH ("Ex. 6") and the SCRA Status Report ("Ex. 9"), Plaintiff takes no issue with PHH's letter dated January 9, 2019. **Ex. A-8**. PHH told Borrower that "[t]he account is still under SCRA foreclosure protection." *Id*. Therefore, this letter demonstrates that Borrower knew his severe delinquency could have resulted in a foreclosure sale, but that PHH acted inconsistently with its right to foreclose by gratuitously applying SCRA foreclosure-protection benefits to the Loan. In addition, Plaintiff has not contested or otherwise challenged Mr. Flannigan's testimony that PHH acted in an intentional manner which was inconsistent with pursuing acceleration and foreclosure from 2015 through 2021. *See generally* **Ex. A**. Specifically, Mr. Flannigan stated: "The Loan Records reflect that because PHH had not acted on the earlier acceleration and had

no intent to do so, upon expiration of the SCRA benefits and FDD protection, before proceeding with foreclosure it recognized the need to reaccelerate the maturity date of the Loan." **Ex. A, ¶ 12**. Plaintiff has not presented any controverting evidence to refute PHH's intent, and the Court should treat Plaintiff's failure to address this fact as undisputed for purposes of PHH's Motion for Summary Judgment. FED. R. CIV. P. 56(e)(2).

Furthermore, Plaintiff relies on a competing SCRA report and appears to muddy the issues here by asserting that Borrower's military status is at issue when it is not. (Doc. No. 47-5 at 7). The HOA, as a non-party to this suit, and any information it relied on to foreclose on the Property has no bearing on PHH's intent in this case. Besides, the Fifth Circuit has already resolved a similar matter before. In *Logue*, the Fifth Circuit determined that a lender who offered a spouse of a military member "full SCRA benefits," ***even though she herself was ineligible for such benefits***, acted in an intentional manner that was "inconsistent with pursuing acceleration and foreclosure." *See Logue v. Wells Fargo Bank, N.A.*, No. 21-20217, 2022 WL 989369, at *2 (5th Cir. Apr. 1, 2022). Plaintiff has not even attempted to address or otherwise explain why *Logue* is not legally and factually applicable to the facts here. (Doc. No. 47). That is because Plaintiff cannot do so.

Plaintiff seems to suggest that the "best means of abandonment of acceleration is through formal written notice of rescission." (Doc. No. 47, ¶ 72). While this may be true, the Fifth Circuit has already determined that a formal written notice of rescission is not the only way a lender can abandon acceleration. *See, e.g.*, *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015); *Logue*, No. 21-20217, 2022 WL 989369, at *2.

Therefore, Borrower's actual military status and the lack of any formal written notice of rescission are wholly irrelevant for purposes of determining abandonment based on the

facts that are currently before this Court. The only fact that is important is PHH's intentional conduct demonstrating it has acted inconsistently with its acceleration and foreclosure rights. PHH's summary-judgment evidence unequivocally establishes that PHH did, in fact, intentionally act inconsistently with its right to foreclose on the Property.

Plaintiff relies on *Colbert* for the proposition that abandonment of a prior acceleration requires PHH to send a "notice or a monthly statement and/or any request for payment," and such notice or monthly statement "'have demonstrated an unequivocal manifestation' of the payees [sic] intent to no longer accelerate the loan." (Doc. No. 47, ¶ 69).

In *Colbert*, the borrowers defaulted on their loan, and the mortgage servicer sent a notice of acceleration after sending a notice of default and a notice of intent to accelerate. *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 872 (5th Cir. 2021) (per curiam). The notice of acceleration indicated that the lender would accept a payment for less than the full balance and that failing to pay could result in acceleration of the loan. *Id*. The servicer foreclosed on the loan and sold the property. *Id*. The borrowers sued the lender for breach of contract, among other things. *Id*. On the servicer's motion to dismiss, the district court dismissed all claims under Rule 12(b)(6), and the borrowers appealed to the Fifth Circuit. *Id*. The borrowers argued that the servicer had breached the mortgage contract by giving improper notice of acceleration before foreclosing on their home or by abandoning its acceleration and then improperly foreclosing on their home. *Id*. at 874. The Fifth Circuit affirmed the district court's dismissal of the borrowers' breach-of-contract claim, holding that the servicer's "notice of acceleration was proper, and no subsequent notice manifested intent to abandon acceleration." *Id*. at 875–76.

Plaintiff also relies on *Lyons*. In *Lyons*, the lender foreclosed on the borrowers' property after the borrowers had stopped paying their mortgage. *Lyons v. Select Portfolio Servicing Inc.*, 748 F. App'x 610 (5th Cir. 2019) (per curiam). The lender sent a notice of acceleration followed by a notice of reinstatement requesting less than the acceleration amount. *Id*. at 611. After the property was sold at a foreclosure sale, borrowers sued, asserting, *inter alia*, claims for breach of contract and predicating their claim "on the mistaken theory that the Bank abandoned its attempt to accelerate the loan." *Id*. The district court granted judgment on the pleadings, determining that all of the borrowers' claims were meritless. *Id*. The Fifth Circuit upheld the district court's ruling after acknowledging that the documents sent after the notice of acceleration containing balances less than the acceleration amount were sent "purely for informational purposes, not in an attempt to collect any debt." *Id*. at 612.

Unlike *Colbert*, this case has nothing to do with defective acceleration before foreclosure. *Lyons* is also distinguishable. In addition to halting foreclosure due to its application of SCRA foreclosure-protection benefits to the Loan, PHH also unequivocally manifested its intent to abandon the earlier acceleration by sending a letter to Borrower on April 24, 2018, requesting $139,388.76, an amount that is significantly less than the accelerated balance of $338,242.22. **Ex. A ¶ 9**; **Exs. A-7 & B-2**. Unlike *Lyons*, the letter fully disclosed that the purpose of the letter was to "collect a debt." **Ex. A-7**. Because PHH sought a payment of an amount less than the accelerated balance, PHH unequivocally manifested abandonment by conduct inconsistent with the enforcement of its rights. *See Boren*, 807 F.3d at 105; *Sexton v. Deutsche Bank Nat'l Tr. Co. for GSAMP Tr. 2007-FM2, Mortg. Pass-Through Certificates, Series 2007-FM2*, 731 F. App'x 302, 307–08 (5th Cir. 2018) (per curiam).

Although Plaintiff misunderstands the application and effect of the case it cites, Plaintiff concedes to PHH's position that "abandonment of acceleration occurs when a lender sends the borrower a post acceleration notice which requests payment of a lesser amount than the entire balance." (Doc. No. 47, ¶ 83). PHH did, in fact, send the April 24, 2018 notice requesting less than the entire balance due and owing. **Ex. A-7**. Thus, Plaintiff's judicial admission alone establishes that PHH unequivocally abandoned acceleration in 2018, *two years before* the limitations period had expired.

Plaintiff contends that PHH could have abandoned acceleration "by payment on the note." (Doc. No. 47, ¶ 73). Plaintiff also contends that PHH needed to reinstate the Loan to abandon it. (Doc. No. 47, ¶ 106). However, Plaintiff cites no legal authority for these assertions. Nor does this case hinge on any payments by Borrower or reinstatements by PHH. It is undisputed that Borrower has not paid on the Loan since 2013, and this is not an issue in this case. **Ex. A, ¶ 6**.

In any event, PHH has demonstrated that Borrower defaulted in 2013, PHH accelerated the Loan in 2016, and PHH abandoned all prior accelerations by applying SCRA foreclosure-protection benefits to the account and canceling all foreclosure activity on the Loan. **Ex. A**. It only re-accelerated the Loan when reliable information showed that Borrower no longer served in the military and there were no other external reasons for delaying foreclosure any longer. *See id*. PHH re-accelerated the Loan in December 2021, and the four-year limitations period has not yet expired. **Ex. B-3**. Therefore, Plaintiff's declaratory-judgment claim fails as a matter of law. For these reasons, the Court should grant summary judgment in favor of PHH and dismiss this lawsuit with prejudice once and for all.

C.     **PLAINTIFF WHOLLY FAILED TO ADDRESS THAT PHH ABANDONED ACCELERATION BY HALTING ALL FORECLOSURE ACTIVITY ON AUGUST 25, 2017, BECAUSE THE PROPERTY**

**WAS LOCATED IN A FEDERALLY DECLARED DISASTER AREA FROM HURRICANE HARVEY**

Even if Borrower's actual military status is at issue, which it is not, Plaintiff has not refuted, and cannot refute, that PHH abandoned acceleration in 2017 by halting all foreclosure activity on the Loan in 2017. Indeed, PHH presented evidence proving that PHH halted all foreclosure activity on the Property from August 25, 2017, through November 23, 2017, because Borrower's account had been flagged for Federally Declared Disaster protection. **Ex. A, ¶ 11**. Not only has Plaintiff failed to address this fact in the Response, but Plaintiff also attached absolutely no controverting evidence to contest PHH's abandonment of all prior accelerations. (*See generally* Doc. No. 47). Consequently, this Court should treat Plaintiff's failure to properly address this fact as undisputed, grant the Motion for Summary Judgment, and dismiss Plaintiff's final claim with prejudice. *See* FED. R. CIV. P. 56(e)(2).

**D.    PLAINTIFF IMPROPERLY ATTEMPTS TO REVIVE ITS QUIET-TITLE CLAIM AFTER THE COURT ALREADY DISMISSED THE CLAIM**

Plaintiff contends that it is entitled to quiet-title relief. (Doc. No. 47, ¶¶ 139–51). However, the Court has already dismissed such claim. (Doc. No. 36) ("Defendant's Motion to Dismiss will therefore be granted as to Plaintiff's quiet title claim."). Therefore, the Court should disregard Plaintiff's improper attempt to revive a claim that it had already dismissed over a year ago.

**E.    PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES OR DAMAGES**

Finally, the Response fails to address PHH's arguments regarding Plaintiff's critically flawed requests for attorney's fees and damages. (Doc. No. 46 at pp. 15–16). The Court should treat Plaintiff's failure to address these arguments as undisputed for purposes of PHH's Motion for Summary Judgment. FED. R. CIV. P. 56(e)(2). In any event, Plaintiff's requests for attorney's fees and damages fail, because these requests are premised on an unviable declaratory-judgment

claim based on limitations. *See Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 377 (5th Cir. 2021); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

## VI.     CONCLUSION

PHH respectfully requests that the Court grant its Motion for Summary Judgment on Plaintiff's remaining claims, dismiss all of Plaintiff's claims against PHH with prejudice, and enter a judgment that Plaintiff take nothing on its claims against PHH. PHH also requests such further relief, at law and in equity, to which it is justly entitled.

Respectfully submitted,

/s/ *Helen O. Turner*
**Robert T. Mowrey - Attorney-in-Charge**
Texas Bar No. 14607500
S.D. Texas Bar No. 9529
rmowrey@lockelord.com
**Matthew K. Hansen**
Texas Bar No. 24065368
S.D. Texas Bar No. 1046257
mkhansen@lockelord.com
**Camille Griffith**
Texas Bar No. 24034761
S.D. Texas Bar No. 3196277
camille.griffith@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2750
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**Helen O. Turner**
Texas Bar No. 24094229
S.D. Texas Bar No. 1046257
helen.turner@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1280 (Telephone)
(713) 229-2501 (Facsimile)

**COUNSEL FOR DEFENDANT
PHH MORTGAGE CORP.**

## CERTIFICATE OF SERVICE

  The undersigned certifies that on October 18, 2023, a true and correct copy of the foregoing document was delivered to the following *via ECF* consistent with the Federal Rules of Civil Procedure:

Jerry L. Schutza
815 Walker, Ste. 1453
Houston, Texas 77002
T: (713) 963-9988
F: (713) 963-0085
Email: schutzalaw@yahoo.com

            /s/ *Helen O. Turner*
            Counsel for Defendant PHH Mortgage Corp.